# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0707, <u>Wells Fargo Bank, N.A. v. Ana Shevin Cabacoff & a.</u>, the court on June 7, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Ana S. Cabacoff and Robert S. Cabacoff, appeal orders by the Superior Court (<u>Temple</u>, J.) denying their motion to "quash subpoena for deposition and stay and abate further proceedings" and granting final judgment to the plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of the First Franklin Loan Trust, by reforming the mortgage instrument.

We construe the defendants' brief to contend that the trial court: (1) erred by finding the federal rules of civil procedure inapplicable; (2) contravened state and federal due process "because neither rational nor substantive analysis was evident to parallel case dynamics" (emphasis omitted) and because it did not stay the action before it while the defendants sought a writ of certiorari from the United States Supreme Court; (3) committed plain error by "disregard[ing the] indisputable clashing of state and federal issues enveloping this matter"; (4) acted unreasonably because "[t]wo parallel cases [were] operating concurrently[,] one of which [sought] definitive clarifications concerning aspects of a decision now rendered in the [trial] court" and "no decision clarifying a nucleus of operative facts has been concluded" in the federal matter; (5) "erred through failure to review parallel case law merits under transactional claims of supplemental jurisdiction" (bolding omitted); (6) exercised its discretion unsustainably by not "hold[ing] off reformation issues until" the defendants' federal petition for a writ of certiorari was "disposed of"; and (7) "disregarded consideration for federal law" and did not engage in "comity."

As the appealing parties, the defendants have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the defendants' challenges to them, the relevant law, and the record submitted on appeal, we conclude that the defendants have not demonstrated reversible error. <u>See</u> <u>id</u>.

To the extent that the defendants' brief raises additional arguments not listed above, they either are not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149

N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
